| | |
|---|---|
| Case No.    **CV 17-8224-JFW (KSx)** | Date: January 31, 2018 |

Title:     Ellen Blowers, et al. -v- Ford Motor Company, et al

**PRESENT:**
**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [filed 12/26/17; Docket No. 28]

On December 26, 2017, Plaintiffs Ellen Blowers and James Blowers (collectively, "Plaintiffs") filed a Motion to Remand to Los Angeles Superior Court ("Motion to Remand"). On January 12, 2018, Defendant Ford Motor Company ("Ford Motor Co.") filed its Opposition. On January 22, 2018, Plaintiffs filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument, and the hearing calendared for February 5, 2018 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

   **A.     Factual Allegations**

   Plaintiffs purchased a 2013 Ford Edge from Santa Maria Ford, Inc. ("Santa Maria Ford"). In connection with the purchase, Plaintiffs received an express written warranty which provided that Ford Motor Co. would "preserve or maintain the utility or performance of the vehicle" for a "specific period of time" and "provide compensation if there was a failure in utility or performance." Compl. ¶ 8; First Am. Compl. ¶ 9. The warranty also provided that if a defect developed in the vehicle during the warranty period, Plaintiffs could deliver the vehicle to Ford Motor Co.'s representatives for repair.

   Plaintiffs allege that during the warranty period, the vehicle contained or developed defects, including, but not limited to: problems with the vehicle's Sync system; problems with the door ajar light switch; problems related to switches and controls on the driver side front seat and the passenger side front seat; and problems with the power steering line. According to Plaintiffs, these

defects substantially impaired the use, value, and safety of the vehicle.

Although Plaintiffs reported the defects, Ford Motor Co. and Santa Maria Ford have been unable to service or repair the vehicle as required by the applicable express warranty despite having a reasonable number of opportunities to do so. In addition, Ford Motor Co. has failed to promptly replace the vehicle or make restitution to Plaintiffs.

### B. Procedural History

On October 12, 2017, Plaintiffs filed a Complaint in Los Angeles County Superior Court, alleging claims against Ford Motor Co. for violations of the Song-Beverly Consumer Warranty Act, a violation of the Magnuson-Moss Warranty Act, and fraud.

On November 9, 2017, Ford Motor Co. filed an Answer in Los Angeles Superior Court. The next day, on November 10, 2017, Ford Motor Co. filed a Notice of Removal of Entire Case ("Notice of Removal"), alleging that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1332(a) and 15 U.S.C. Section 2310(d)(1)(A).

On December 4, 2017, Plaintiffs filed a First Amended Complaint ("FAC") naming Santa Maria Ford, Inc. ("Santa Maria Ford"), a California corporation, as a defendant in this action. In the FAC, Plaintiffs allege state law claims against Ford Motor Co. for violations of the Song-Beverly Consumer Warranty Act. Plaintiffs also allege a state law claim for Breach of the Implied Warranty of Merchantability against both Ford Motor Co. and Santa Maria Ford. Notably, the FAC no longer alleges any claim for violation of the Magnuson-Moss Warranty Act against any of the defendants.

On December 26, 2017, Plaintiffs filed their Motion to Remand. Plaintiffs argue that Ford Motor Co.'s removal of this action was improper because Ford Motor Co. did not satisfy its burden of showing, by a preponderance of the evidence, that the amount in controversy required under 15 U.S.C. Section 2310(d)(3)(B) or 28 U.S.C. Section 1332 was satisfied or that Plaintiffs are citizens of California.[1] In addition, Plaintiffs argue that even if Ford Motor Co.'s removal was proper, Plaintiffs' filing of the FAC adding Santa Maria Ford as a defendant and not re-alleging the federal Magnuson-Moss Warranty Act cause of action divested this Court of both federal question and diversity jurisdiction. Accordingly, Plaintiffs argue that remand is appropriate.

## II. LEGAL STANDARD

"A civil action in state court may be removed to federal district court if the district court has 'original jurisdiction' over the matter." *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). "A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). The removal statute is strictly construed, and any doubt about the propriety of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges a defendant's removal of a case, the defendant bears the burden of establishing the

---

[1] In light of the Court's ruling remanding this action to state court, the Court does not find it necessary to reach these issues.

propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### III.     DISCUSSION

In their FAC, Plaintiffs added Santa Maria Ford—a California Corporation—as a named defendant.  The parties do not dispute that Plaintiffs and Santa Maria Ford are citizens of the same state and that adding Santa Maria Ford as a defendant would destroy diversity jurisdiction under 28 U.S.C. Section 1332. *See Owens Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (alterations omitted) ("Diversity jurisdiction does not exist unless each defendant is a citizen of a different [s]tate from each plaintiff.").  However, the parties disagree as to whether Plaintiffs' amendment was procedurally proper and what standard applies to the amendment.  Accordingly, the Court must first determine whether the amendment is governed by Rule 15(a) of the Federal Rules of Civil Procedure or 28 U.S.C. Section 1447(e) before determining whether Plaintiffs' amendment is proper.

#### A.     Rule 15(a) Applies to the Amendment and Remand Is Required

##### 1.     Rule 15(a) Governs the Amendment of Plaintiffs' Complaint

The Ninth Circuit has not addressed what standard applies when a plaintiff seeks to amend a complaint to add a party that destroys diversity after the action has been removed to federal court.  *See McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014) (collecting cases).  Amendments to a complaint adding a new party within 21 days of the date a defendant files a responsive pleading are generally governed by Rule 15(a) of the Federal Rules of Civil Procedure.  Accordingly, some courts have held that a plaintiff may amend to join a diversity-destroying defendant as a matter of course so long as they comply with the time limits set forth in Rule 15(a).  By contrast, other courts have held that once a case has been removed, a court must scrutinize a diversity-destroying amendment under the discretionary standard set forth in Section 1447(e) rather than Rule 15(a).  *See Sabag v. FCA US, LLC*, 2016 WL 6581154, at *3 (C.D. Cal. Nov. 7, 2016).  According to these courts, Section 1447(e) addresses the specific situation of post-removal joinder of non-diverse defendants and affords courts an opportunity to scrutinize a plaintiff's motives for amending a complaint.  *Id.*

The Court concludes that Rule 15(a)—not Section 1447(e)—governs the amendment of Plaintiffs' Complaint.  The plain language of 28 U.S.C. Section 1447(e) indicates that the statute applies when a plaintiff "seeks to join additional defendants" after removal and the addition would destroy subject matter jurisdiction.  As the Supreme Court has stated, to "seek" means to "ask." *See Williams v. Taylor*, 529 U.S. 420, 431 (2000) (Courts give words in a statute their ordinary, contemporary, common meaning, absent an indication Congress intended them to bear some different import).  Plaintiffs did not "seek" leave to amend under Rule 15(a)(2); rather, they amended their Complaint as a matter of course under Rule 15(a)(1), which does not require leave of court.

Ford Motor Co. argues that Rule 15(a) is inapplicable to proposed amendments that would

3

destroy diversity because courts are required to scrutinize such amendments under Section 1447(e). However, it has failed to cite any binding authority in support of its argument. Although the Court recognizes that many courts in this district have held that a party may not amend a complaint under Rule 15(a) if the amendment would deprive the district court of jurisdiction over a removed action, they have reached this conclusion by deciding that applying "the permissive standard of Rule 15(a) in this situation would allow a plaintiff to improperly manipulate the forum of an action, a result that is quite different from the policies of Rule 15(a)." *See, e.g., Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086–87 (C.D. Cal. 1999). However, "policy arguments come into play only to the extent that [language] is ambiguous." *Sebelius v. Cloer*, — U.S. —, 133 S. Ct. 1886, 1895–96 (2013). The language of Rule 15(a) is not ambiguous: it does not limit the types of amendments that may be made to pleadings as a matter of course and, thus, the Court may not rely on policy justifications to read into Rule 15 exceptions for amendments that would defeat jurisdiction. *Buffalo State Alumni Ass'n*, 251 F. Supp. 3d 566, 575 (W.D.N.Y. 2017); *see also Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992) ("nowhere . . . has Congress indicated that the unadorned words of [the statute] are in some way limited by implication. It would be dangerous in the extreme to infer that a case for which the words of an instrument expressly provide, shall be exempted from its operation.").

Rule 15(a) provides that a party may amend its pleading once, "as a matter of course," within 21 days after service of a responsive pleading. This "rule complements the liberal pleading and joinder provisions of the federal rules by establishing a time period during which the pleadings may be amended automatically . . . ." *Clinco*, 41 F. Supp. 2d at 1086. "While Rule 15(a) gives [a] court extensive discretion to decide whether to grant leave to amend after the time for amendment as of course has passed . . . a plaintiff's right to amend the complaint once as of right may be described as absolute." *Buffalo State Alumni Ass'n*, 251 F. Supp. 3d at 576 (internal citation and quotation marks omitted). Accordingly, this Court agrees with those courts have held that Section 1447(e) "cannot apply to defeat joinder of a party by amendment under Rule 15(a)(1) since the court has no discretion to deny a timely amendment made as a matter of course." *Id.* (internal citation and quotation marks omitted).

In addition, despite Ford Motor Co.'s arguments, there is nothing inherently unfair in allowing Plaintiffs to join Santa Maria Ford "as a matter of course" to obtain remand. As other courts have recognized, removal to federal court is itself a type of forum shopping, and there is nothing inherently wrong with a party using procedural rules to secure a remand to the forum of their choice. *See Delfosse v. Cont'l Cas Co.*, 2011 WL 2601277, at *3 (E.D. Wis. 2011). As explained more fully below, although it is apparent that Plaintiffs added Santa Maria Ford in large part to return to state court, the claim against Santa Maria Ford is not frivolous and appears facially valid. Accordingly, the Court concludes that Plaintiffs' amendment naming Santa Maria Ford under Rule 15(a) after removal was permissible.

### 2. Remand Is Required Under Section 1447(c)

In light of the Court's conclusion that Plaintiffs' amendment naming Santa Maria Ford as a defendant was permissible, diversity jurisdiction no longer exists. Section 1447(c) clearly provides that where subject matter jurisdiction does not exist, the Court must remand the action. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Lexecon Inc. v. Milberg Weiss Bershad Hynes*

*& Lerach*, 523 U.S. 26, 35 (1998) (explaining the "mandatory shall . . . creates an obligation impervious to judicial discretion."); *Nat'l Ass'n. of Home Builders v. Defenders of Wildlife*, 551 U.S. 664, 661–62 (2007) ("The word 'shall' generally indicates a command that admits of no discretion on the part of the person instructed to carry out the directive."). Accordingly, the Court concludes that remand is required.

### B. Remand Is Appropriate Under Section 1447(e)

In addition, the Court also concludes that even if Section 1447(e)—rather than Rule 15(a)—is the appropriate standard, this action should be remanded to Los Angeles Superior Court. When determining whether to permit joinder under Section 1447(e) and remand an action, the court considers five factors: (1) whether the party sought to be joined is needed for adjudication and could be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant if the court denies joinder; (3) whether there has been an unexplained delay in seeking joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party appears valid. *Forward-Rossi v. Jaguar Land Rover N.A., LLC*, 2016 WL 3396925, at *3 (C.D. June 13, 2016); *Clinco*, 41 F. Supp. 2d at 1081–82. The court may also consider whether denying joinder will prejudice the plaintiff. *Sandhu v. Volvo Cars of N. America, LLC*, 2017 403495, at *2 (N.D. Cal. Jan. 31, 2017).

#### 1. Extent that Santa Maria Ford Is Needed for Just Adjudication of this Action

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco*, 41 F. Supp. 2d at 1082; Fed. R. Civ. P. 19(a). Although courts consider the standard set forth in Rule 19 in determining whether to permit joinder under Section 1447(e), "amendment under [Section] 1447(e) is a less restrictive standard than for joinder under Rule 19." *Sabag*, 2016 WL 6581154, at *4 (internal citation, quotation marks, and alterations omitted). "The standard is met when failure to join [a party] will lead to separate and redundant actions." *Id.* However, the standard is not satisfied when "defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id.*

Plaintiffs' claim for relief against Santa Maria Ford arises out of the same transactions as their claims against Ford Motor Co. Indeed, the claims against both of these defendants involve the same vehicle, the same alleged defects in the vehicle, and the same unsuccessful attempts to repair the vehicle. As Plaintiffs point out, resolution of these claims will likely require many of the same documents and witnesses and may implicate many of the same factual and legal issues. Thus, the Court concludes that Santa Maria Ford was a direct participant in the conduct that gives rise to Plaintiffs' current claims against Ford Motor Co. and, therefore, is directly related to the causes of action against Ford Motor Co. Accordingly, this factor weighs in favor of permitting joinder.

#### 2. Timeliness

When determining whether to allow amendment to add a non-diverse party, "courts consider whether the amendment was attempted in a timely fashion." *Sandhu*, 2017 WL 403495, at *3 (citing *Clinco*, 41 F. Supp. 2d at 1083). The parties do not dispute that Plaintiffs filed their FAC within 21 days of the date that Ford Motor Co. served its Answer to Plaintiffs' Complaint and before any dispositive motions were filed. Motion at 5 n. 3. Thus, the Court concludes that Plaintiffs filed the FAC in a timely fashion. *See id.* (finding that the plaintiff acted in a timely fashion because he filed his first amended complaint within the time limits afforded by Rule 15 and before any dispositive motions were filed). Accordingly, this factor weighs in favor of permitting joinder.

### 3. Motive Behind Joinder

"The motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Id.* (citing *Clinco*, 41 F. Supp. 2d at 1083 (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980))). "A trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to state court." *Id.* (internal citation and quotation marks omitted).

Ford Motor Co. argues that the allegations in the FAC demonstrate that Plaintiffs added Santa Maria Ford for the sole purpose of defeating federal subject matter jurisdiction. Although the Court agrees that the circumstances in this case suggest that Plaintiffs' primary motivation in amending the Complaint was to defeat diversity jurisdiction, "it is not readily apparent that [was their] sole motivation, particularly because there is a seemingly valid claim" against Santa Maria Ford. *Id.* In its Opposition, Ford Motor Co. implies that Plaintiffs' motive should be dispositive, but they have not cited to or provided any authority supporting their argument. Accordingly, this factor weighs minimally against permitting joinder.

### 4. Apparent Validity of Plaintiffs' Claims

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under [Section] 1447(e)." *Forward-Rossi*, 2016 WL 3396925, at *4 (internal citation and quotation marks omitted). In considering the validity of a plaintiff's claims, a court only needs to determine whether the claim "seems valid."

Plaintiffs seek to add a claim against Santa Maria Ford for breach of the implied warranty of merchantability. The Courts agrees with the three other decisions in this district that have found that a claim against a dealership for breach of the implied warranty of merchantability is a facially valid claim. *See Delafontaine v. Volvo Cars of N.A., LLC*, 2016 7338404, at *3–4 (C.D. Cal Dec. 19, 2016); *Sabag*, 2016 WL 6581154, at *6; *Forward-Rossi*, 2016 WL 3396925, at *4; *see also Sandhu,* 2017 WL 403495, at *3–4. Accordingly, Ford Motor Co. has failed to demonstrate that Plaintiffs do not have a "facially legitimate" claim against Santa Maria Ford. Therefore, this factor weighs in favor of permitting joinder.

### 5. Statute of Limitations

If a plaintiff could file an action against the joined defendant in state court, then there is less reason to join them in this action. "[T]he statute of limitations for an action for breach of warranty under the Song-Beverly Act is four years." *Sandhu*, 2017 WL 403495, at *3; Uniform Commercial Code § 2725. Plaintiffs' FAC does not allege a date that Defendants breached their warranty. However, Plaintiffs concede in their Motion for Remand that the relevant statute of limitations has not run and, therefore, they are not precluded from filing a new state court action against Santa Maria Ford. Accordingly, this factor weighs against permitting joinder.

### 6. Prejudice to Plaintiffs

Where claims against parties sought to be joined in an action "arise out of the same factual circumstances," it is in the economic benefit of all parties and the judicial system to "have the entire controversy adjudicated only once" and to force the plaintiffs to "proceed with expensive litigation in state court against [the putative defendant] would create avoidable prejudice." *Delafontaine*, 2016 WL 6581154, at *4 (internal citations and quotation marks omitted).

It is undisputed that Plaintiffs' claims against Ford Motor Co. and Santa Maria Ford arise out of the same transaction or occurrence. Moreover, if the Court were to deny Plaintiffs' Motion to Remand, Plaintiffs would have to proceed with separate litigation against Santa Maria Ford in state court. Thus, Plaintiffs would be forced to incur significant expenses associated with pursuing similar litigation in two separate forums thereby prejudicing Plaintiffs. Accordingly, the Court concludes that this factor weighs in favor of permitting joinder.

Based on the foregoing, the Court concludes it is appropriate to exercise its discretion under Section 1447(e) to permit joinder of Santa Maria Ford as a defendant and remand this action to state court.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is **GRANTED.** This action is hereby remanded to Los Angeles Superior Court.

IT IS SO ORDERED.